UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL ALEXANDER : | |
| : | Civil Action No. 11-3348 (PGS) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| : | |
| NEW JERSEY DEPARTMENT OF : | **MEMORANDUM AND ORDER** |
| TRANSPORTATION and JOHN DOES : | |
| 1-10 : | |
| : | |
| Defendants : | |

Presently before the Court is a motion by Plaintiff Michael Alexander ("Plaintiff" or "Mr. Alexander") (Dkt. Entry No. 46) to stay execution of (1) the Order of this Court, entered on September 13, 2013 ("September 13, 2013 Order") (Dkt. Entry. No. 35), granting Defendant New Jersey Department of Transportation's ("NJDOT" or "Defendant") motion to enforce the settlement previously negotiated and entered into by the parties (Dkt. Entry. No. 25), as well as (2) the subsequent Order of this Court, entered on September 15, 2014 ("September 15, 2014 Order") (Dkt. Entry No. 43), denying Plaintiff's motion to amend the September 13, 2013 Order (Dkt. Entry No. 36).[1]

Having carefully reviewed the submissions of the parties, as well as the arguments proffered therein, and for the reasons that follow, and for good cause shown, Plaintiff's motion to

---

[1] Although Plaintiff captioned his earlier motion as a motion to amend the judgment (Dkt. Entry. No. 36), the Court construed the motion as one seeking reconsideration of the September 13, 2013 Order, and ruled on it accordingly. In his appeal, Plaintiff now seeks to challenge the Court's September 15, 2014 Order on the ground that the Court misconstrued Plaintiff's motion as one for reconsideration.

1

stay execution of this Court's Orders of September 13, 2013 and September 15, 2014 is hereby DENIED with prejudice.

## DISCUSSION

### I. Legal Standard

The Third Circuit has emphatically recognized that a "stay pending appeal . . . is an extraordinary remedy." *Conestoga Wood Specialties Corp. v. Secretary of the U.S. Dept. of Health and Human Services*, Civ. No. 13-1144, 2013 WL 1277419, at *1 (D.N.J. Feb. 8, 2013). The standard governing an award, upon application, of a stay pending appeal "is essentially the same as that for obtaining a preliminary injunction." *Id*. To demonstrate entitlement to preliminary injunctive relief, a party must demonstrate "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting the preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Id*. (quoting *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). Accordingly, in ruling upon the instant motion for stay pending appeal, the Court must weigh the same four factors considered by courts in determining whether a grant of preliminary relief is warranted.

Importantly, it bears noting that the Third Circuit has observed that "[s]uch stays are rarely granted, because in our Court the bar is set particularly high." *Id*. Indeed, an "injunction shall issue only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." *Id*. (quoting *N.J. Hosp. Ass'n v. Waldman*, 73 F.3d 509, 512 (3d Cir. 1995) (citation omitted)). Therefore, "[a] plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate." *Id*. (quoting *NutraSweet Co. v. Vit-Mar Enter., Inc.*, 176 F.3d 151, 152 (3d Cir. 1999)).

Because the Court's determination as to whether Plaintiff has carried his burden of demonstrating a likelihood of success on the merits is dispositive as to the present motion, the Court need not conduct a lengthy analysis under the remaining prongs of the preliminary injunction inquiry.

**II.   Analysis**

**1.   Likelihood of Success on the Merits**

In order to demonstrate a likelihood of success on the merits with respect to the requested stay of the September 13, 2013 Order of this Court granting Defendant's motion to enforce settlement, Plaintiff must show that, at that time, there was insufficient factual support in the record for the Court's findings that (i) a valid settlement agreement had been consummated between the parties; (ii) Plaintiff had been apprised, and was made fully aware, that any settlement reached by the parties was contingent upon his resignation of his position with NJDOT; and (iii) that Plaintiff's prior attorney, William Riback ("Mr. Riback"), possessed the necessary authority to bind the Plaintiff to the agreement negotiated by the parties during the settlement conference convened before the Court.  In order to carry his burden with respect to the stay requested as to the September 15, 2014 Order of this Court denying Plaintiff's motion to amend the judgment, Plaintiff must demonstrate that the Court erred in construing his motion as one for reconsideration, and that he was entitled to an evidentiary hearing.  For the reasons that follow, the Court concludes that Plaintiff has failed to establish a likelihood of success as to either of the requested stays and, accordingly, the motion must be dismissed with prejudice.

**a.   The September 13, 2013 Order Enforcing Settlement**

Although the Court has amply set forth in multiple orders and decisions the basis for its denials of Plaintiff's repeated attempts at avoiding enforcement of the settlement, the Court will,

nonetheless, summarize its reasoning here for purposes of clarity.

Prior to issuing the Report and Recommendation with respect to NJDOT's motion to enforce the settlement, the Honorable Lois H. Goodman, U.S.M.J., solicited and considered "documents containing relevant facts," including Plaintiff's own affidavit, as well as certifications from Plaintiff's counsel and counsel for NJDOT, that bore directly on the controversy validity of the settlement. *See* Report and Recommendation at 2-5 (Dkt. Entry No. 33). In addition, at the settlement conference convened before her, Magistrate Judge Goodman personally and substantially participated in the negotiations, meeting both with the parties, as well as separately with counsel, in order to facilitate a meeting of the minds as to the terms and conditions whereby the matter could be settled. *Id*. at 2. Moreover, in her detailed and thorough recitation of the events surrounding the parties' settlement, Magistrate Judge Goodman observed that on several occasions throughout the day it was made clear to Plaintiff that any settlement agreed to by NJDOT would require an agreement by him to resign his employment. *Id*. at 2-3, 11-12. Finally, that Plaintiff appeared at the settlement conference accompanied by Mr. Riback, who negotiated and made clear specific settlement terms on Plaintiff's behalf, led both Defendant and the Court to reasonably believe that Mr. Riback possessed the necessary authority to settle the matter. *Id*. at 11. At no point thereafter did Plaintiff state or otherwise indicate to the Court that Mr. Riback's authority to settle on his client's behalf had been withdrawn. *Id*. Accordingly, on the basis of this exhaustive review and analysis, as well as her own participation in the settlement conference, Magistrate Judge Goodman concluded that Mr. Riback "acted with authority to speak on Plaintiff's behalf" both during the settlement negotiations, and in agreeing to the terms of the settlement the following day during a telephone call with opposing counsel. *Id*. Therefore, the Court concluded, a valid and enforceable agreement came into existence, the

terms of which required Plaintiff's resignation from his employment.

Thereafter, the undersigned reviewed and adopted in its entirety the Report and Recommendation of Magistrate Judge Goodman.  In its September 13, 2013 Order, the Court observed that Plaintiff had filed an objection to the Report and Recommendation in the intervening period, reiterating the contention already addressed by Magistrate Judge Goodman, that Plaintiff had not been aware that the terms of the settlement agreement had been finalized, and that Mr. Ribeck had agreed to the same without his authorization.  Having considered the objection, the Court concluded that "the recommendation by Magistrate Judge Goodman sets forth [a] compelling rationale for demonstrating that a settlement was reached; and that both parties had knowledge of all of the terms of the settlement including Plaintiff's resignation from the Department of Transportation."  *See* Order Adopting Report and Recommendation (Dkt. Entry. No. 35) at 1.  Indeed, it was largely on this basis that Plaintiff's motion to reconsider, captioned as a motion to amend the judgment, was denied by this Court.  *See* Order Denying Plaintiff's Motion to Amend the Judgment (Dkt. Entry No. 43) at 1-2.

Accordingly, given the ample record before the Court, and for the reasons set forth above, the Court concludes that there was, and remains, a sufficient factual basis for the Court's grant of Defendant's motion to enforce settlement.  Indeed, the Court has on three prior occasions had opportunity to consider the contentions proffered by Plaintiff in support of his multiple applications seeking to avoid enforcement of the settlement, and thrice the Court has arrived at the same conclusion, that is, a valid settlement was consummated between the parties, the terms of which included voluntary resignation of his employment by Plaintiff, and of which Plaintiff had been fully apprised and was aware.  Therefore, in simply recapitulating his prior contentions regarding the validity of the settlement, Plaintiff has failed to demonstrate a

5

likelihood of success on the merits of challenging the Court's September 13, 2013 Order enforcing settlement.

### b. The September 15, 2014 Order Denying Plaintiff's Motion to Amend the Judgment

Plaintiff contends that the Court erred in construing Plaintiff's motion to amend the judgment as one for reconsideration, and ruling on it accordingly. Plaintiff argues that the Court's error is made evident by the fact that the relief requested was an evidentiary hearing. I nother words, Plaintiff posits that, because the relief requested consisted of an evidentiary hearing, his motion to amend the judgment is somehow qualitatively, or substantively, different from a motion for reconsideration. It bears noting, once again, that the arguments and facts proffered in Plaintiff's motion to amend the judgment are nearly identical to those previously presented to, considered, and determined by the Court. Indeed, the requested relief of an evidentiary hearing is the only feature of Plaintiff's motion papers that seemingly distinguishes it from all previous applications to the Court for relief from its prior Orders concerning the underlying settlement. Based on the procedural history of this matter, the Court anticipates that at such hearing the same issues, previously resolved by the Court, would likely yet again be raised and aired by Plaintiff. Simply stated, Plaintiff's request for an evidentiary hearing via a motion to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) constitutes nothing more than an attempted end run around this Court's prior determinations with the goal of providing Plaintiff yet another bite at the apple. Regardless, the Court will proceed with its analysis.

In order to prevail, Plaintiff must demonstrate a likelihood of success on the merits with respect to his contention that he was wrongfully denied an evidentiary hearing because the Court erred by adjudicating the motion to amend the judgment as one for reconsideration. Plaintiff appears to misunderstand the relationship between Federal Rule of Civil Procedure 59(e) and

6

New Jersey Local Civil Rule 7.1(i). As an initial matter, the Court notes that, curiously, the standard Plaintiff himself sets forth in his moving papers as governing the determination of a motion to amend the judgment is, in reality, that which is employed by courts in weighing a motion for reconsideration. *See* Plaintiff's Motion to Amend the Judgment (Dkt. Entry No. 36) at 3-4; *see also Leija v. Schmidt Mfg., Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010) (quoting *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)) ("*a party seeking reconsideration* 'must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice.'" (emphasis added). Indeed, in *Assoc. of N.J. Rifle & Pistol Clubs, Inc. v. Port Auth. of N.Y. & N.J.*, Civ. No. 06-0402, 2010 WL 2342558, at *1 (D.N.J. June 7, 2010), in considering plaintiff's motion to amend the judgment pursuant to Rule 59(e), this Court observed:

> There is no express provision in the Federal Rules of Civil Procedure for reconsideration of a judicial decision. The closest federal rule is . . . 59(e), which allows a court to "alter or amend" a judgment. In this district, however, L. Civ. R. 7.1(i) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge or a Magistrate Judge to take a second look at any decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision.

Accordingly, while Rule 59(e) allows for a judgment to be altered, it is Local Civil Rule 7.1(i) that provides the mechanism by which that relief is to be obtained. *See Sabinsa Corp. v. Creative Compounds, LLC*, Civ. No. 04-4239, 2012 WL 194123, at *2 (D.N.J. Jan. 23, 2012). Contrary to Plaintiff's suggestion, that the relief sought by Plaintiff is an evidentiary hearing does not alter the result. When presented with a motion to have a prior judgment amended or otherwise altered, courts within this district construe, and adjudicate, such applications as motions for reconsideration pursuant to Local Civil Rule 7.1(i). Therefore, any argument that

7

the Court erred in ruling on Plaintiff's motion to amend the judgment as one for reconsideration is simply without merit.

Notwithstanding the foregoing, the Court will proceed with an analysis of whether Plaintiff has demonstrated a likelihood of success with respect to his contention that he is entitled to an evidentiary hearing. In support of his position, Plaintiff relies nearly exclusively on *Henry v. Merrill Lynch*, 169 Fed. Appx. 102 (3d Cir. 2006), in which, much as in this matter, the plaintiff-appellant challenged the district court's grant of defendant-appellee's motion to enforce settlement without having conducted an evidentiary hearing, arguing that, because he did not consent to or authorize a settlement, no valid settlement agreement had ever come into existence. Such reliance is misplaced, however, as the factual record, on which the Third Circuit relied in determining that the district court had erred in granting defendant's motion to enforce settlement without prior evidentiary hearing, is readily distinguishable from that which is before the Court in the present matter.

First, plaintiff in *Henry* claimed that "the discussions of settlement terms occurred between the attorneys with the involvement of the District Judge, but without [his] participation or assent[.]" Here, however, Plaintiff actively participated in the settlement discussions, contributing substantially to the negotiation of terms whereby the matter could be resolved amicably. Moreover, in weighing the issue of whether plaintiff-appellant's presence in court, without more, was sufficient to manifest apparent authority on the part of his attorney to bind him to any proposed settlement, the court attributed its inability to resolve the issue to the record's ambiguity as to whether or not the attorneys' settlement discussions took place in plaintiff-appellant's presence. Once again, however, Plaintiff in the instant matter was both privy to, and participated in, most, if not all, settlement discussions that transpired between the

8

parties.  Finally, the Third Circuit again noted the lack of clarity in the record concerning the extent of plaintiff-appellant's participation in the settlement discussions in concluding that it was unable to determine whether defendant-appellee's reliance on opposing counsel's apparent authority to settle the matter was reasonable.  Again, however, Plaintiff, here, participated extensively in the settlement negotiations before the Court, and the record on which the Court based its decision to grant Defendant's motion to enforce settlement was substantially more robust, consisting of affidavits and declarations of the parties and counsel solicited by the Court, as well as other circumstances of which the Court was aware due to the personal and substantial participation of Magistrate Judge Goodman in the settlement negotiations.

As *Henry* is readily distinguishable from the instant matter on the basis of the facts presented in that matter, the Court finds Plaintiff's reliance on that decision to be misplaced.  The Court further concludes that the need for an evidentiary hearing in this case was obviated due to (1) the Court's awareness of relevant circumstances concerning the settlement negotiations gained through its own personal and substantial involvement; (2) Plaintiff's direct participation in settlement discussions both with counsel and the Court, and; (3) the Court's development of a more robust record on which to base its decision through its solicitation of affidavits, declarations, and other relevant evidence concernsing Plaintiff's awareness of, and consent to, the term of settlement requiring his resignation, as well as the authority of Plaintiff's attorney to bind him to any proposed settlement that included such term.

Accordingly, and for the reasons set forth above, Plaintiff has failed to demonstrate a likelihood of success on the merits as to his contention that he had been wrongfully denied an evidentiary hearing due to the Court's erroneous construing of his motion to amend the judgment as one for reconsideration.  Therefore, it is the decision of this Court that Plaintiff's motion for a

stay pending appeal of the Court's September 13, 2013 and September 15, 2014 Orders shall be, and hereby is, DENIED with prejudice.

## ORDER

Having carefully considered the submissions of the parties, as well as the arguments herein contained, and for the reasons set forth above, and for good cause shown,

**IT IS** on this 10th day of November, 2014,

**ORDERED** that Plaintiff's motion to stay execution of the Court's September 13, 2013 and September 15, 2014 Orders shall be, and hereby is, denied with prejudice.


                                            *s/Peter G. Sheridan*
                                            PETER G. SHERIDAN, U.S.D.J.